IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALVIN THOMAS,**

    **Plaintiff,**

v.            No. 13-cv-0271 LH/SMV

**CHAVES CNTY. DET. CTR., et al.,**

    **Defendants.**

### ORDER TO SHOW CAUSE

This matter is before the Court sua sponte. By order entered on April 3, 2013, the Court required Plaintiff to make an initial statutory partial payment of $20.72 towards the filing fee. Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), and to Make Payments or Show Cause [Doc. 5]. No payment has been received, even though Plaintiff's financial documents show significant pre-filing deposits in his inmate account. *See* [Docs. 2, 6]. There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997). "If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) (internal quotation marks omitted), *quoted in Shabazz*, 127 F.3d at 1249. Failure to comply with this Order may result in dismissal of the complaint.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, within thirty (30) days from entry of this Order, Plaintiff submit the previously ordered initial partial payment of $20.72 or otherwise show cause why his complaint should not be dismissed.

**IT IS SO ORDERED**.

                                                                              **STEPHAN M. VIDMAR**
                                                                              **United States Magistrate Judge**