IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN THOMAS,

    Plaintiff,

  v.           No. CIV 13-0271 LH/SMV

C.C.D.C.,
RALPHIEL BARAZA,
SUSAN CASLEY,
JAKE MEREDITH,
SERGANT ROGERS,
MRS. VERA,
OFFICER DEVOS,
OFFICER ACOASTA,
SERGANT CHIDEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is Plaintiff's motion for summons (Doc. 9). For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint contains three Counts. The first Count is based on allegations that other inmates emptied unsanitary contents of a mop bucket under Plaintiff's cell door, and staff refused to clean the cell. He was forced to eat and sleep in the dirty cell overnight and was moved to another cell the next day. For his second Count, Plaintiff alleges that Defendant Baraza handcuffed him and let him out of his cell, where he was assaulted and injured by a known enemy. During the incident Defendant Chidez maced Plaintiff while he was still handcuffed. Medical staff refused his request to be taken to a hospital for his injuries, and Defendant Meredith "squeez[ed his] neck and head with his hands" while he at the medical station. He was then held in lockdown for three months and continued to experience swelling and severe pain in his head. For his third Count, Plaintiff alleges that Defendants Childress, Chidez, and Silva harassed him by kicking his door and "look[ing] at me with mean and ugly faces." Plaintiff appears to invoke the Eighth Amendment's prohibition of cruel and unusual punishment. He seeks $2.5 million in damages.

As to the first Count, a one-day failure to clean up a mop-bucket spill may make unpleasant conditions but does not amount to an Eighth Amendment violation. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff's allegations in Count I do not describe "a substantial risk of serious harm," *id.*, and he was moved

from the cell the next day.  The Court will dismiss the first Count of the complaint.

In the second Count, Plaintiff's allegations appear to support claims of failure to protect his well-being by Defendant Baraza, *see Proenza v. Greco*, 3 F. App'x 742, 744-45 (10th Cir. 2001), and excessive force by Defendant Chidez, *see Lampkin v. Little*, 286 F.3d 1206, 1211 (10th Cir. 2002); *and see Escobar v. Zavaras*, No. No. 97-1303, 1998 WL 314303, at **3 n. 2 (10th Cir. 1998) ("In a prison disturbance context, . . . the relevant inquiry is whether force was applied in good faith to maintain or restore discipline or maliciously and sadistically with the intent to cause harm."); *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010).  His allegations also support claims of failure to provide adequate medical treatment against Defendants Casley and Meredith.  *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980).

No relief is available on the allegations of harassment in Count III.  Plaintiff alleges rattling doors and "mean . . . faces" but no specific verbal or physical threat to his safety.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (stating that "necessarily excluded from the cruel and unusual punishment inquiry . . . .  are verbal threats and harassment").  The alleged actions by Defendants do not amount to Eighth Amendment violations.  Count III will be dismissed.

Nor is relief available on Plaintiff's claims against Defendants C.C.D.C., Rogers, Vera, Devos, and Acoasta.  First, the detention center is not a suable entity in a § 1983 action.  *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) ("a detention facility is not a person or legally created entity capable of being sued.").  And the complaint makes no allegations against these other individuals affirmatively linking them to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based

solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against these Defendants.

Plaintiff's motion for summons (Doc. 9) will be denied. Neither the complaint nor the motion makes any factual allegations against the individual identified in the motion.

IT IS THEREFORE ORDERED that Plaintiff's claims in Counts I and III of the complaint are DISMISSED; his claims against Defendants C.C.D.C., Rogers, Vera, Devos, and Acoasta are DISMISSED; and Defendants C.C.D.C., Rogers, Vera, Devos, and Acoasta are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motion for summons (Doc. 9) is DENIED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Baraza, Chidez, Casley, and Meredith on Plaintiff's claims in Count II.

_____
SENIOR UNITED STATES DISTRICT JUDGE