IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN THOMAS,

    Plaintiff,

v.                                              No. 13-cv-0271 LH/SMV

CHAVES CNTY. DET. CTR., et al.,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION
### AND TO PRESERVE VIDEOTAPE EVIDENCE

THIS MATTER is before the Court on Plaintiff's Motion [Doc. 3], filed March 27, 2013. Plaintiff requests that the Court appoint him counsel and that Defendants be required to produce a videotape that depicts the events surrounding his claim stemming from a November 1, 2011 incident. For the reasons set forth below, the Court will deny his Motion.

### Request for Appointment of Counsel

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel."

*Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims. The Court will deny Plaintiff's Motion to the extent he requests that counsel be appointed.

### Request for Production of Videotape Evidence

Plaintiff requests that Defendants produce a videotape of a November 1, 2011 incident that occurred in Chaves County Detention Center. Because this is a civil rights action brought by an incarcerated plaintiff, it is excluded from the usual pretrial case management procedures. *See* D.N.M.LR-Civ. 16.3(d). No scheduling order has yet been entered for this case, nor have the parties agreed to conduct discovery on their own. *See* D.N.M.LR-Civ 26.4(a); *see also* D.N.M.LR-Civ. 26.5(a) (courts may fashion discovery *sua sponte* in §1983 proceedings brought by pro se inmate litigants). The Court will deny Plaintiff's Motion to the extent that he requests discovery because no discovery has yet been ordered in this case.

### Preservation of Videotape Evidence

On August 23, 2013, the Honorable C. LeRoy Hansen, Senior United States District Judge, entered a Memorandum Opinion and Order dismissing several of Plaintiff's claims. *Id.* at 4. Judge Hansen described the various claims raised in the Complaint as Counts I–III. *Id.* at 2. Claim II survived Judge Hansen's Order, *see id.* at 4, and alleges *inter alia* that Defendants failed to protect his well-being and used excessive force against him on November 1, 2011, *id.* at 2–3; *see also* Complaint [Doc. 1] at 4–5. The Court will require Defendants to preserve any videotape

or other evidence in their possession that depicts the events raised in Count II of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants are required to preserve any videotape or other evidence in their possession that depicts the events raised in Count II of Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that, because Defendants Baraza, Chidez, Casley, and Meredith have not yet appeared in this case and will not receive notification of this Order via CM/ECF, the Clerk is instructed to forward a copy of this Order to those Defendants.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**