IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN THOMAS,

    Plaintiff,

v.                                                                             No. 13-cv-0271 LH/SMV

CHAVES CNTY. DET. CTR., et al.,

    Defendants.

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED
## FOR FAILURE TO NOTIFY COURT OF ADDRESS

THIS MATTER is before the Court sua sponte. The record reflects that a recent mailing to Plaintiff was returned undelivered, and the record contains no new address for him. *See* [Doc. 15] (mail to Plaintiff containing [Doc. 14] returned, bearing a notification that Plaintiff is "not in custody"). It appears that Plaintiff has changed his address without advising the Court of his new address, as required by D.N.M.LR-Civ. 83.6, and has therefore severed contact with the Court. Plaintiff's failure to comply with the Court's local rules demonstrates a manifest lack of interest in litigating his claims. *See Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984) (federal district courts have inherent power to impose a variety of sanctions on litigants in order to regulate their dockets and promote judicial efficiency); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (federal district courts have authority to dismiss an action for failure to prosecute to avoid undue delays); *Okla. Publ'g Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980) (unpublished) (the federal district courts' authority to dismiss an action sua sponte for failure to prosecute is clearly established). Plaintiff will be required to show cause

why this case should not be dismissed. Failure to respond may result in dismissal without further notice.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, within 21 days of entry of this Order, Plaintiff shall file a response showing cause why his Complaint should not be dismissed.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**